**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    19-50224 |
| Plaintiff-Appellee, | D.C. No. 3:16-cr-02609-BEN-1 |
| v. | |
| ARTURO DELGADO-VEGA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted June 2, 2020[**]

Before:    LEAVY, PAEZ, and BENNETT, Circuit Judges.

Arturo Delgado-Vega appeals from the district court's judgment and

challenges the 110-month sentence imposed on remand following his guilty-plea

conviction for possession of methamphetamine with intent to distribute, in

violation of 21 U.S.C. § 841(a)(1).  We have jurisdiction under 28 U.S.C. § 1291,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

and we affirm.

Delgado-Vega contends that the district judge exhibited impermissible bias against him and his counsel during the resentencing proceedings, resulting in the erroneous denial of a minor role adjustment and a substantively unreasonable sentence. We disagree. The record shows that, over the course of two hearings, the judge engaged in a lengthy discussion with both counsel about the minor role adjustment and other Guidelines disputes, and fully explained its calculations and the sentence selected. Any expressions of pique do not reflect "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Moreover, contrary to Delgado-Vega's claims, the district court did not suggest that a courier like Delgado-Vega could never receive a minor-role reduction; it properly focused on Delgado-Vega's role in the particular organization for which he worked and the factors that inform whether a minor role reduction should be granted, *see* U.S.S.G. § 3B1.2 cmt. n.3(C). The court did not abuse its discretion in concluding that Delgado-Vega was not "substantially less culpable than the average participant" in the drug trafficking offense. U.S.S.G. § 3B1.2 cmt. n.3(A); *see United States v. Diaz*, 884 F.3d 911, 914 (9th Cir. 2018) (stating standard of review).

Lastly, the district court did not abuse its discretion in imposing the 110-

19-50224

month sentence.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The court explained that, without a minor role reduction, the Guidelines range was "too high," but with a minor role reduction, it was "spot on."  Thus, it exercised its discretion to vary downward to a sentence in the middle of the latter range, reduced further by 10 months to reflect Delgado-Vega's post-sentencing rehabilitation.  The resulting 110-month sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Delgado-Vega's criminal history and the seriousness of the offense.  *See Gall*, 552 U.S. at 51.

Delgado-Vega's unopposed motion to submit a late reply brief is granted. The Clerk will file the reply brief at Docket Entry No. 21.

Delgado-Vega's motion to seal is granted.  The Clerk will file under seal the motion and supplemental excerpts of record at Docket Entry No. 24.

**AFFIRMED.**